Curia, per

Richabdson, J.
The rent was due on the first April, 1844 ; and its lien was immediate, under the statute 8 Anne, C. 14. The landlord, James Fife, might have dis-trained, immediately; but he accepted the note of his tenant, James Wiley, as a further security for the rent, payable the 31st of May.
By the decision of this court in the well-considered case of Judge and Dennis ads. Fisk and Eager, 2 Sp. 436, the landlord’s power of issuing a distress warrant became suspended by taking the note, until the note became payable, and had been dishonored by non-payment at its maturity. Such a suspension of the remedy by distress, was incidental to the acceptance of the note. It postponed the payment of the rent due at the date of the note, to the time of its payment; and therefore all right of action was equally postponed. Just as the taking of such a note in the place of an open account would in like manner postpone the right of action on the open account to the maturity. The suit is suspended because time is given for the payment. The collateral security may afford a new remedy ; yet still the *228 indebtedness is as it was originally. Because no mere accumulation of securities or remedies, without actual payment, -satisfies the debt.
Such is the decision in Judge and Dennis ads. Fisk and Eager. It is confined to the time of the remedy — but does not take it away, nor interfere with the lien of the rent. In the case before the court, no question is made that the rent due to the plaintiff, James Fife, must have had a preference to the execution of Samuel Wiley, by the provision of the Statute; unless such preference has been lost by the acceptance of the note.
But it would seem to have been supposed on the part of Samuel Wiley, that by the decision in Judge ads. Fisk, not only the remedy by distress had been suspended, but the prior lien of the rent was also lost, or at least lifted, so as to yield its admitted statutory preference to the execution, by the landlord’s taking a note. But were this the just construction of Judge ads. Fisk, not merely the remedy by distress would be suspended, but the debt itself; i.e. the rent, with its lien, would be substituted by such collateral security ; which would reverse our settled adjudications. That taking a second obligation does not extinguish the first, see Printems vs. Helfried, 1 Nott and M‘Cord, 187 ; Bailey vs. Wright, 3 M‘Cord, 484 ; Prince vs. Limehouse, 4 M‘Cord, 544. But even a bon'd does not take away the remedy by distress for rent; see the same case of Bailey vs. Wright. The error would seem to have arisen from confounding the debt itself with the mode of redress by a distress warrant. Bu t this is no more than a remedy and summary action allowed to the landlord for rent in arrear; and this action, if wrongful, brings on that of replevin by the tenant, and the issue is made up between them, to be decided by the court and jury. It is no more than a peculiar action at law; or as Blackstone calls it, a remedy by the party himself; 3d Com. 6; 1st Inst. 46: and is confined to goods and chattels found on the premises demised. The plaintiff, therefore, must have his rent in arrear paid before the execution creditor ; and the motion to reverse the circuit decision is granted.
O’Neall, Evans, and Butler, JJ. concurred.